UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LONDON

CIVIL ACTION NO. 03-333-KKC

KENNETH MIRACLE, PLAINTIFF

v. **OPINION AND ORDER**

SANDVIK MGT., LLC, DEFENDANT

\*\*\*\*   \*\*\*\*   \*\*\*\*   \*\*\*\*

This matter is before the Court on the Motion to Reconsider of the Plaintiff (Rec. No. 78). In his motion, the Plaintiff asks the Court to reconsider its Order granting the Defendant's Motion for Summary Judgment.

At the time of its Order granting summary judgment, the sole remaining federal claim in this action was the Plaintiff's claim that the Defendant discharged him in order to prevent him from recovering disability benefits under the company's ERISA plan, in violation of 29 U.S.C. § 1140 which makes it unlawful to "discharge. . . . a participant or beneficiary [of an employee benefit plan]. . . for the purpose of interfering with the attainment of any right to which such participant may become entitled under the plan." 29 U.S.C. § 1140.

To state a claim under Section 1140, the Plaintiff must show that the Defendant had a specific intent to violate ERISA. *Smith v. Ameritech*, 129 F.3d 857, 865 (6th Cir. 1997). In the absence of direct evidence of such discriminatory intent, the plaintiff can make state a prima facie case by showing (1) prohibited employer conduct (2) taken for the purpose of interfering (3) with the attainment of any right to which an employee may become entitled. *Id*. An employer can rebut the presumption of impermissible activity raised by a prima facie case with evidence of a legitimate, nondiscriminatory reason for its challenged action. *Ameritech*, 129 F.3d at 865. The burden then

shifts back to the plaintiff to show that the employers' proffered reason was mere pretext. *Id.* The plaintiff must show that the interference was a motivating factor in the employer's actions or prove that the employer's proffered reason is unworthy of credence. Summary judgment is appropriate if the plaintiff fails to establish a prima facie case or fails to rebut the employers' proffered reason for its actions. *Id.*

In his opposition to the Motion for Summary Judgment, the Plaintiff did not offer evidence that the Defendant terminated him for the *purpose of* interfering with Plaintiff's rights under ERISA. As evidence that the Defendant should have been aware that Plaintiff intended to file for disability benefits, Plaintiff pointed to the fact that he told his supervisor that his doctor had told him his blood pressure was "through the roof" just days before his supervisor discharged him. This is not sufficient proof that the Defendant believed that Plaintiff intended to file for disability benefits. Plaintiff asserts that his doctor had told him to quit working prior to his discharge but there is no evidence that he told the Defendant this or that the Defendant was otherwise aware of this. While Plaintiff had received short-term disability benefits in 1999 after having a pacemaker installed and in 2001 after having low back surgery, he was not discharged until 2003. Thus, it cannot be inferred that these prior health conditions caused the Defendant to terminate the Plaintiff in order to prevent him from claiming long-term disability benefits. Accordingly, the Court will not amend its prior Order granting the Defendant summary judgment on Plaintiff's claim under 29 U.S.C. § 1140.

Both parties agree, however, that the Court's Order erroneously failed to address Plaintiff's claim under KRS Chapter 340. Because the sole federal claim in this action is now dismissed, the Court will decline to exercise jurisdiction over the state law claim and will dismiss it without prejudice.

Accordingly, the Court hereby ORDERS as follows:

1) the Plaintiff's Motion to Reconsider (Rec. No. 78) is GRANTED in part and DENIED in part;

2) The Motion is GRANTED regarding Plaintiff's claim under KRS Chapter 340 and that claim is hereby DISMISSED without prejudice for lack of subject matter jurisdiction;

3) The Motion is DENIED regarding Plaintiff's claim under 29 U.S.C. § 1140 and that claim is hereby DISMISSED with prejudice; and

4) This matter is STRICKEN from the active docket of the Court.

This the 29th day of September, 2006.

Signed By:

*Karen K. Caldwell* KKC

United States District Judge